UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS PARKS.

    Plaintiff,

v.

GLEASON, et al.,

    Defendants.

Civil Action No. 19-11238-NMG

ORDER

March 17, 2020

Gorton, D.J.

    Plaintiff Carlos Parks initiated this action on June 3, 2019, while he was in custody at FMC Devens. At that time, this action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. On June 17, 2019, plaintiff filed an amended complaint. By Memorandum and Order dated July 10, 2019, plaintiff was granted leave to proceed in forma pauperis and he was assessed an initial filing fee of $9.30 with the $340.70 to be collected in accordance with 28 U.S.C. § 1915(b)(2). The summonses and instructions for service were mailed to plaintiff with a consent package. This action was reassigned to the undersigned after the filing of a refusal to consent to proceed before a U.S. Magistrate Judge.

    On January 31, 2020, plaintiff was advised that this action would be dismissed without prejudice unless a proof of service is filed or good cause shown why service has not been made. On March 5, 2020, plaintiff filed a letter stating that he was transferred to FMC Rochester in Minnesota and was not provided with his paperwork while in transit. Plaintiff explains that he

does not have legal help and requests the court to complete the paperwork for service of the summons.

The court construes plaintiff's letter as a request for an extension of time in order to serve the defendants. The plain language of Rule 4(m) provides that if a plaintiff shows good cause for failure to file service within the specified time, the Court must extend the time for service. Fed. R. Civ. P. 4(m).

Here, plaintiff has demonstrated good cause why this action should not be dismissed without prejudice. The court recognizes that plaintiff was in transit between correction institutions. The court will extend the plaintiff's time to effectuate service on the defendants. However, it is plaintiff's responsibility to contact the United States Marshals Service ("USMS") to arrange service of process. The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.

For the foregoing reasons, plaintiff has until June 5, 2020, to effectuate service on the defendants. If service is not made on or before June 5, 2020, the action will be dismissed without prejudice as to each defendant not served. The Clerk shall reissue summons and send the summonses to plaintiff at FMC Rochester, Federal Medical Center, P.O. Box 4000, Rochester, MN 55903.

**SO ORDERED.**

3/17/20

Nathaniel M. Gorton
United States District Judge